UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN CHRISTOPHER FINE,

    Plaintiff,

v.                                          Case No: 5:15-cv-21-Oc-28PRL

ROBERT H. BAER and TYRRELL L.
ARMSTRONG,

    Defendants.

## ORDER

John Christopher Fine filed the instant lawsuit against Defendants Robert H. Baer and Tyrrell L. Armstrong for violating Fine's copyright in a photograph that Defendants reproduced in a book about a shipwreck. Fine now files a Motion for Partial Summary Judgment on the issue of Defendants' joint and several liability for copyright infringement under 17 U.S.C. § 501 and his entitlement to damages, attorneys' fees, and costs. (Mot. Summ. J., Doc. 38). Defendants responded, (Doc. 39), and Fine replied, (Doc. 40). Fine's motion is due to be granted in part and denied in part.

**I.    Background**

In 1987, the Spanish ship *San Miguel de Archangel* was discovered at the bottom of the ocean off the coast of Jupiter, Florida. (Fine Dep., Doc. 38-3, at 9).[1] Peter Leo, a non-party, is generally credited with discovering the ship's wreckage. (Baer Dep., Doc. 38-2, at 19). In December 1991, Fine took several photos of the shipwreck, including a photo

---

[1] The page numbers of depositions correspond to the page numbers in the transcript rather than the page numbers in the pdf document.

of Leo holding a salvaged copper bucket—the photo at issue here. (Leo Dep., Doc. 38-4, at 28–30; Am. Stipulation, Doc. 37 ¶ 13). In 2000, Fine published a children's book called *Diving for Treasure* wherein he reproduced his image of Leo holding the copper bucket. (Fine Dep. at 24–25, 62). On December 12, 2001, the text and photographs of *Diving for Treasure* were registered in the United States Copyright Office under Certificate of Registration No. TX 5-466-160, listing Fine as the sole copyright claimant. (Am. Stipulation ¶ 14; Ex. 3 to Am. Stipulation, Doc. 37-3, at 1).

In August 2011, Baer authored and Armstrong published a book called *The Last Voyage of the San Miguel de Archangel* ("*The Last Voyage*"), which also contained the copper bucket photo. (Am. Stipulation ¶ 2). Prior to publication, Leo provided Baer several photographs of the shipwreck for use in Baer's book, but Leo asserts that he did not include the copper bucket photo among those he gave to Baer. (Leo Dep. at 20, 37–39). Nonetheless, Baer and Armstrong together reviewed, scanned, and selected certain photos for use in *The Last Voyage*, including the copper bucket photo. (Armstrong Dep., Doc. 38-5, at 16–28). Leo maintains that because he never had any of Fine's photographs, he has "no idea" how the photo was used in Defendants' book. (Leo Dep. at 38–39, 46). Ultimately, Armstrong sold 515 copies of *The Last Voyage* containing the allegedly infringing photograph, (Am. Stipulation ¶ 15), and Baer sold or otherwise distributed around 1,000 copies of the book, (id. ¶ 16).

Fine contends that he first discovered the infringement on January 4, 2013, when Leo gave him a copy of *The Last Voyage*, (Fine Dep. at 13–14), but Defendants allege that Fine first learned of the infringement sometime in 2011. (Defs.' Mem. in Opp'n, Doc. 39, at 2 (citing Leo Dep. at 33)). On January 18, 2013, Fine sent a letter to Defendants notifying

2

them of the infringement. (Doc. 38-9 at 3; Doc. 38-10). On March 8, 2014, Armstrong replaced the infringing photograph in *The Last Voyage* with a different, non-infringing photo; thus, copies of the book printed on or after that date do not infringe Fine's copyright to the copper bucket photo. (Am. Stipulation ¶ 17).

On January 13, 2015, Fine filed a Complaint alleging one claim of copyright infringement in violation of 17 U.S.C. § 501 against Defendants. (Compl., Doc. 1 ¶¶ 23–26). On his sole claim, Fine seeks money damages, attorneys' fees, costs, and a permanent injunction requiring "the impoundment and destruction of any existing infringing articles pursuant to 17 U.S.C. § 503." (Id. ¶ 26). Defendants filed Answers and raised numerous affirmative defenses.

Thereafter, the parties filed a joint stipulation wherein Defendants admit that "[Fine] owned the photograph and [that] it was published in the . . . *The Last Voyage* without [Fine's] permission." (Am. Stipulation ¶ 12). In the stipulation, Defendants also withdraw six of their affirmative defenses[2] and state:

> [S]ubject to the remaining affirmative defenses, Plaintiff is entitled to: (a) damages under 17 U.S.C. [§ 504], and may elect to recover either Plaintiff's actual damages and any additional profits of the Defendants, as provided in 17 U.S.C. § 504(b), or statutory damages, as provided in 17 U.S.C. § 504(c); (b) injunctive relief as may be appropriate under 17 U.S.C. § 502; and (c) costs and attorneys' fees, in the discretion of the Court, under 17 U.S.C. § 505.

(Id. ¶ 18).

---

[2] In the parties' Amended Stipulation (Doc. 37) Baer withdraws the fourth, fifth, seventh, eighth, ninth, and fourteenth affirmative defenses raised in his Answer (Doc. 29) and Armstrong withdraws anything in his *pro se* Answer (Doc. 9) that are deemed to raise the same defenses waived by Baer. (Am. Stipulation ¶ 11).

Fine now files the instant motion for partial summary judgment on the issue of liability.[3] The only affirmative defenses relevant to the determination of liability are: (i) statute of limitations; (ii) laches; (iii) actual or constructive permission; (iv) third-party liability; and (v) waiver.[4]

## II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

## III. Analysis

### A. Statute of Limitations and Laches

As their first two affirmative defenses, Defendants argue that Fine filed the instant action after the expiration of the statute of limitations and that the action is barred by the

---

[3] Fine's motion also seeks to hold Defendants jointly and severally liable. Defendants do not respond to this argument.
[4] Defendants' other remaining defenses pertain only to damages.

doctrine of laches. Under the applicable statute of limitations, a claim for copyright infringement must be asserted within three years after the claim has accrued. 17 U.S.C. § 507(b). The parties do not dispute that the discovery accrual rule applies here, which dictates that a cause of action begins to accrue when the copyright owner "learns, or should as a reasonable person have learned, that the defendant was violating his rights." Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1285–86 (M.D. Fla. 2008) (citation and quotation marks omitted) (discussing the Eleventh Circuit's silence on the application of the discovery rule but ultimately concluding that it applies in the copyright infringement context). Thus, the only question is whether Fine filed the instant lawsuit within three years of discovering the infringement.

Fine contends that he discovered Defendants' infringement on January 4, 2013, when Leo gave him a copy of *The Last Voyage* in Leo's driveway. In support, Fine relies on his deposition testimony and a personal journal entry documenting a meeting with Leo on that date. (Fine Dep. at 13–14; Journal Entry, Doc. 38-9, at 1). Defendants, however, contend that Fine learned of the infringement a few months after Defendants' book was first published in 2011. In support, Defendants rely on Leo's deposition testimony that he learned about Defendants' use of the photographs "[s]ometime after th[e] book came out. In fact, I gave [Fine] a copy of th[e] book . . . [p]robably two month[s] after th[e] book came out." (Leo Dep. at 33). As the book was first released in August 2011, Leo's testimony suggests Fine discovered the infringement in 2011.[5]

---

[5] Although Leo initially stated that he did not recall when the book came out and guessed that it came out "three or four years ago," he agreed that 2011 "sound[s] about right." (Leo Dep. at 33).

5

If I take Fine's proffered date of discovery as true, the instant action was filed well within the statute of limitations on January 13, 2015—nearly a full year before the limitations period expired. If, on the other hand, I take Defendants' proffered dates as true, Fine's filing would be short of the 2014 cutoff. This is a genuine issue of material fact that cannot be resolved at this stage.

Fine argues that a reasonable jury could not believe Defendants' version of the facts because Leo's testimony "is at best speculative and uncertain" and would require several logical leaps. I disagree. Leo testified that he gave Fine a copy of Defendants' book about two months after it was released, and two questions later he agreed that the book was released in 2011. Fine's motion is due to be denied on this ground. The same genuine issue of material fact prevents the Court from entering summary judgment on the issue of laches as well.

### B.   Permission, Third-Party Liability, and Waiver

Defendants' sixth and thirteenth affirmative defenses generally contend that Fine gave Leo actual or constructive permission to use the photograph and that Fine waived his right to enforce his copyright by allowing Leo to use it in his educational presentations—each of which, in turn, permitted Defendants to use the photograph. Defendants' twelfth affirmative defense further asserts that Leo may be independently liable for Defendants' infringement, although they have not filed a third-party claim against him and do not otherwise raise that issue in this case.

Fine correctly points out that Defendants' actual or constructive permission defense is foreclosed because it is directly contradicted by the parties' stipulation that "[Fine] owned the photograph and it was published in the book *The Last Voyage* without [Fine's]

permission." (Am. Stipulation ¶ 12). Thus, summary judgment will be entered in favor of Fine on the defense of implied or express permission.[6]

Defendants' next defense—that Fine waived his copyright infringement claim—also fails. "[W]aiver or abandonment of copyright occurs only if there is an intent by the copyright proprietor to surrender rights in his work." Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1282 (M.D. Fla. 2008) (quotation marks and citation omitted). The requisite intent "must be manifested by some overt act." Oravec v. Sunny Isles Luxury Ventures L.C., 469 F. Supp. 2d 1148, 1177 (S.D. Fla. 2006), aff'd, 527 F.3d 1218 (11th Cir. 2008) (citation omitted)). Such an overt act can be demonstrated, for example, by agreeing in writing that the copyright holder reserves no copyright or intellectual property rights in his materials, see id. at 1178, or where the copyright holder provides a written expiration date of the copyright, see id. at 1177 (citing Hadady Corp. v. Dean Witter Reynolds, Inc., 739 F. Supp. 1392, 1399 (C.D. Cal. 1990)). "The affirmative defense[] of waiver . . . [is] 'not favored,' and a defendant bears a heavy burden to sustain [it]." CBS Broad. v. Primetime 24 Joint Venture, 48 F. Supp. 2d 1342, 1360 (S.D. Fla. 1998) (citing Irvine v. Cargill Investor Serv., Inc., 799 F.2d 1461, 1463 (11th Cir.1986)).

Here, Defendants fail to meet their burden. The only facts upon which Defendants rely are that "Leo used the Copper Bucket photograph at his presentations" and that Fine saw Leo using the photograph at those presentations. (Defs.' Mem. in Opp'n at 3 (citing

---

[6] To the extent Defendants argue—in the face of their admission that they used Fine's photo without his permission—that Fine provided an implied non-exclusive license to use the photograph, they fail to establish any of the required elements of such a defense. Specifically, there is no evidence that Fine (1) created the photograph at Defendants' request; (2) delivered the work to Defendants; or (3) intended that Defendants copy and distribute the work. See Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1235 (11th Cir. 2010).

Leo Dep. at 95)). Fine contends correctly that Leo's use of the photograph was for educational purposes and therefore falls under the "fair use" exception to copyright protection. (See Leo Dep. at 94). "Section 107 of the Copyright Act specifically permits the unauthorized use of copyrighted work 'for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research.'" Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1235 (11th Cir. 2010) (citing 17 U.S.C. § 107). Because Defendants' sole evidence that Fine waived his copyright relies on Leo's "fair use" of the photograph, Defendants fail to establish a waiver of Fine's right to enforce his copyright. Summary judgment will be entered in favor of Fine on the affirmative defense of waiver.

IV. Conclusion

It is hereby **ORDERED** and **ADJUDGED** that:

1. Fine's Motion for Partial Summary Judgment (Doc. 38) is **GRANTED in part and DENIED in part**.

2. Fine's Motion for Partial Summary Judgment is **GRANTED** only with respect to Defendants' sixth and thirteenth affirmative defenses—"permission" and "waiver," respectively. These defenses are without merit and may not be asserted at trial. Fine's motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 23, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record