**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOHN CHRISTOPHER FINE,**

    Plaintiff,

v.                                                                            Case No: 5:15-cv-21-Oc-28PRL

**ROBERT H. BAER and TYRRELL L. ARMSTRONG**

    Defendants.

## REPORT AND RECOMMENDATION[1]

In this copyright case, which involves Defendants' use of a photograph Plaintiff took of a copper bucket that was recovered from a shipwreck, Plaintiff now seeks his attorney's fees, costs, and litigation expenses. (Doc. 57). The motion is ripe only as to Defendant Tyrrell L. Armstrong; it is stayed as to Defendant Robert H. Baer, who filed a suggestion of bankruptcy. (Docs. 63, 67). Upon referral, I recommend that the motion be granted in substantial part.

**I.    BACKGROUND**

In 1991, Plaintiff took photographs of treasure and artifacts recovered off the coast of Florida from the wreck of the Spanish vessel, *San Miguel de Archangel.* One of those photographs is the so-called "copper bucket photo," which featured Peter Leo (a non-party generally credited with discovering the ship's wreckage) holding a salvaged copper bucket. In 2000, Plaintiff published a children's book called *Diving for Treasure,* in which he reproduced

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

various photographs, including the copper bucket photo.  On December 12, 2001, the text and photographs of *Diving for Treasure* were registered in the United States Copyright Office under Certificate of Registration No. TX 5-466-160, listing Plaintiff as the sole copyright claimant.

In August 2011, Defendant Baer authored and Defendant Armstrong published a book called *The Last Voyage of the San Miguel de Archangel* ("*The Last Voyage*"), which also included the copper bucket photo.  Although there is some dispute as to when Plaintiff learned of the infringement, on January 18, 2013, he sent a letter to Defendants notifying them of the infringement.  On March 8, 2014, Armstrong replaced the infringing photograph in the *The Last Voyage* with a different, non-infringing photo.[2]  Plaintiff sent several communications to Defendants regarding the alleged copyright violations, and by letter dated July 26, 2014, he offered to settle the claim for $5,000 in damages.  (Docs. 1 at 14-18, 57-1, 57-2).  Plaintiff claims that Defendants did not respond to his pre-suit notices and settlement demands.  (Doc. 57 at 2).

On January 13, 2015, Plaintiff filed this action against Defendants asserting one claim for copyright infringement under 17 U.S.C. § 501 related to several photographs, including the Copper Bucket photograph.  (Doc. 1).  Plaintiff requested money damages, attorney's fees, costs, and a permanent injunction.  (Doc. 1).  Armstrong filed a *pro se* Answer (Doc. 9), but later, Rob Cook, Baer's counsel, filing a notice of appearance on his behalf.  (Doc. 32).  Baer initially filed a motion to dismiss (Doc. 12) that was denied (Doc. 28), then an Answer asserting fourteen affirmative defenses.  (Doc. 29).  Defendant Armstrong later adopted these affirmative defenses. (See e.g., Docs. 37, 39, 45).  During January and February of 2016, depositions were conducted of Plaintiff, Defendants, and non-party Peter Leo.

---

[2] Prior to March 8, 2014, Armstrong sold or otherwise distributed approximately 515 copies of *The Last Voyage* and Baer sold or otherwise distributed approximately 1,000 copies.

In March and April 2016, Defendants made offers to settle the claim for $5,000 and then $10,000, inclusive of attorney's fees.  Plaintiff rejected the settlement offers.

On April 7, 2016, the parties filed a joint stipulation in which Defendants conceded that Plaintiff "owned the photograph and [that] it was published in . . . *The Last Voyage* without Plaintiff's permission."  (Doc. 37).  Defendants also withdrew six of their affirmative defenses, but sought to continue litigating the remainder: the defenses of laches, statute of limitations, permission, third-party liability, and waiver.  The parties' stipulation provides that:

> [S]ubject to the remaining affirmative defenses, Plaintiff is entitled to: (a) damages under 17 U.S.C. [§504], and may elect to recover either Plaintiff's actual damages and any additional profits of the Defendants, as provided in 17 U.S.C. §504(b), or statutory damages, as provided in 17 U.S.C. § 504(c); (b) injunctive relief as may be appropriate under 17 U.S.C. §502; and (c) costs and attorneys' fees, in the discretion of the Court, under 17 U.S.C. §505.

Plaintiff then moved for partial summary judgment on liability.  (Doc. 38).  The Court granted the motion with respect to Defendants' affirmative defenses for permission, third-party liability, and waiver, but denied the motion as to the defenses of laches and statute of limitations.  (Doc. 42).  Accordingly, the case was set to proceed to jury trial on the remaining defenses and on the issue of damages as to both Defendants.  (*See* Doc. 45).

The court conducted the final pretrial conference on September 23, 2016, with jury trial set to begin on October 3, 2016.  Then on September 28, 2016, the parties filed a joint stipulation in which they agreed that Defendants' infringement was unintentional and the parties stipulated for entry of judgment against Defendants, jointly and severally, for statutory damages in the amount of $12,000.00, exclusive of Plaintiff's attorney's fees and costs.  (Doc. 53).  On September 29, 2016, the Court entered final judgment pursuant to the parties' joint stipulation.  (Doc. 55).  Plaintiff subsequently filed a bill of costs (Doc. 56) and the instant motion (Doc. 57).  Both

Defendants opposed the motion (Doc. 58) and after Defendant Baer's suggestion of bankruptcy, Defendant Armstrong provided an additional response.   (Doc. 68).

## II. DISCUSSION

### A. Attorney's Fees

Plaintiff seeks to recover $67,413.00 in attorney's fees for the prosecution of this case.   In considering a motion for attorney's fees and costs, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, 8:16-cv-1274-T-36JSS, 2017 WL 343905, *2 (M.D. Fla. January 6, 2017).

#### 1. *Plaintiff is Entitled to an Award of Attorney's Fees*

Here, Plaintiff seeks to recover attorney's fees pursuant to the Copyright Act, which expressly provides that the court may, in its discretion, "allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." *See* 17 U.S.C. § 505.   Attorney's fees are not awarded as a matter of course; instead, a court "must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S.Ct. 1979, 1985 (2016) (*quoting Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533 (1994)).   "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law are demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.,* 198 F.3d 840, 842 (11th Cir.1999) (quoting *Fogerty,* 510 U.S. at 526-27).   Nonexclusive factors for the court to consider in determining whether to award fees include: frivolousness, motivation, objective unreasonableness (both in factual and legal components of case), and the need in

particular circumstances to advance considerations of compensation and deterrence.  *Fogerty,* 510 U.S. at 535; *MiTek Holdings, Inc.* 198 F.3d at 842.

Plaintiff was the prevailing party by virtue of the stipulated entry of judgment and Defendant Armstrong does not argue otherwise.[3]  This, however, is not dispositive; the Court must still consider the non-exclusive factors discussed above.

Based on my review of the record, I submit that Plaintiff's claim was both reasonable and properly motivated.  Indeed, Plaintiff was attempting to enforce his valid copyright interests in the photographs contained in his book, *Diving for Treasure.*  "It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement action against one whom the copyright holder believes in good faith to have infringed the copyright."  *Luken v. Int'l Yacht Council, Ltd.*, 581 F.Supp.2d 1226, 1245 (S.D. Fla. 2008).  In his one-count complaint, Plaintiff identified three photographs contained in the Defendants' book, *The Last Voyage*, that he believed to be infringing.  (Doc. 1 at ¶16).[4]  The fact that the case (and the stipulated final judgment) ultimately focused solely on one of those photos – the copper bucket photo – does not make Plaintiff's otherwise legitimate claim frivolous or unreasonable.

Moreover, although Defendants replaced the copper bucket photo with a non-infringing photograph prior to suit, and ultimately conceded liability for the copyright violations in these proceedings, they continued to dispute this liability for over a year and a half following the filing of this case, including through summary judgment (*see* Doc. 39, Defendants' opposition to Plaintiff's motion for partial summary judgment) and the final pretrial conference (*see, e.g.*, Doc. 45, the parties' joint final pretrial statement that states, in paragraphs 11 & 12, at p. 5, that

---

[3] Prior to his suggestion of bankruptcy, Defendant Baer agreed also that Plaintiff was the prevailing party.  (Doc. 58 at 3).

[4] He also identified a number of photographs that he believed to be improperly credited.

Defendants' defenses of statute of limitations and laches are still in dispute). Indeed, even after stipulating on April 7, 2016, that Plaintiff "owned the photograph and [that] it was published in . . . *The Last Voyage* without Plaintiff's permission" (Doc. 37), Defendants continued to assert several affirmative defenses. (*See, e.g.,* Doc. 45). As a result, Plaintiff incurred legal expenses preparing the motion for partial summary judgment (Doc. 38), which was granted as to several of the defenses, and then preparing for trial. It was not until September 28, 2016 – after the final pretrial conference and five days before the scheduled jury trial – that Defendants finally stipulated to the entry of judgment against them.

An award of fees will therefore compensate Plaintiff for having to litigate the claim, and will deter future parties from acts of infringement. In addition, an award of fees will encourage plaintiffs to litigate meritorious claims of copyright infringement, because the successful prosecution of an infringement claim by a copyright holder furthers the policies of the Copyright Act. *Fogerty,* 510 U.S. at 527, 114 S.Ct. 1023 (holding that an award of attorney's fees would encourage both plaintiffs and defendants alike to prosecute or defend meritorious claims).

Considering all of these circumstances, I submit that imposing attorney's fees against Defendant Armstrong will further the goals of the Copyright Act and is warranted here.

### 2. The Lodestar Method

In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### a. Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So.2d at 1150. Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mutual Fire Ins. Co.,* No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012)(quoting *Centex-Rooney Const. Co., Inc. v. Martin County*, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce

excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so.  *Id.*

Here, Plaintiff seeks compensation for 116.10 hours of legal work performed by Richard A. Harrison, Trial Counsel; 23.40 hours of legal work performed by Elizabeth Galbavy, Senior Associate; and 92.40 hours performed by Lisa Ferrara, Registered Florida Paralegal.

To support these hours, Plaintiff has filed billing records from Richard A. Harrison, P.A. (Doc. 57-3).  Plaintiff also offers the Affidavit of Attorney Harrison in which he asserts that the time spent was reasonable and necessary for the successful prosecution of Plaintiff's claims. (Doc. 61 at ¶28).  He further avers that in the exercise of billing judgment he has deducted from the fee claim all of his travel time to and from depositions, mediation, and the pretrial conference; that he delegated work to Attorney Galbavy and Paralegal Ferrara to be performed at their lower hourly rate; and that there is no duplication of effort as he was the only one who attended depositions, mediation, and the final pretrial conference.  (Doc. 61, p. 8 n.2 and ¶29).

As an initial matter, Defendant Armstrong contends that he cannot properly challenge the fee petition without an evidentiary hearing or deposition.  However, as the Supreme Court has explained, "[a] request for attorney's fees should not result in a second major litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  When deciding a motion for attorney's fees, "courts rarely reopen discovery, and evidentiary hearings are often unnecessary."  *Menchise v. Akermann Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008).  Here, other than vaguely asserting that "it is difficult to contest the charges . . . without being able to review the particular emails, pleadings, papers and question Mr. Harrison and his staff on the documents referenced in the billing time sheets" (Doc. 68 at 1), Defendant has not offered any legal argument in support of his request, nor has he explained how the evidence submitted by Plaintiff is insufficient.  The fact that Defendant

Armstrong did not submit any evidence to oppose the fee motion does not necessitate additional discovery or an evidentiary hearing. Accordingly, I find that this matter can be resolved on the papers before the Court.

Defendant Armstrong (in his joint brief) contends that the amount of fees should be reduced because Plaintiff prevailed on the claim as to only one photograph. In determining reasonable hours, the court must deduct time spent on discrete and unsuccessful claims. *Norman v. Housing Authority of City of Montgomery*, 826 F.2d 1292, 1302 (11th Cir. 1988). And then, after the lodestar is determined, the Court may make an adjustment based upon the results obtained. *See id.* "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Id.* This is not a case where Plaintiff made a number of discrete claims, and prevailed on only one of them. Rather, Plaintiff asserted in one count that Defendants infringed several of his photographs in a single publication. Thus, all of the claims arose out of that common core of operative facts, and did so as to both Defendants. Plaintiff ultimately prevailed and enforced his rights under the Copyright Act, and thus, the fact that the case turned on one photograph (instead of all three) is not a reason to reduce the amount of fees. Indeed, more than half of the fees were incurred after Plaintiff's deposition in February 2016 when he confirmed that the only infringing photograph was the copper bucket photo (*see* Doc. 38-3 at 45) – at which point, Defendants' continued opposition necessitated Plaintiff's filing of the motion for summary judgment and trial preparation.

Next, in the joint response to the motion, Defendant Armstrong (and Baer) insist that the timesheets "demonstrate excessive and unnecessary time was spent on this case," and that "for purposes of brevity, all disputed charges will not be addressed in this memorandum." (Doc. 58 at 6) These vague assertions, however, are insufficient to support a reduction in hours. The only

specific entry identified by Defendants was that of Paralegal Ferrara, who spent an hour updating pleadings, reviewing the Court's Related Case Order and Track Two Notice (Doc. 4) and an Interested Persons Order (Doc. 5), and preparing and filing the Notice of Pendency of Other Actions. (Doc. 6). Contrary to their suggestion, it was reasonable for a litigation paralegal to spend an hour on those matters.

Next, Defendant Armstrong contends (again in the joint response) that attorney travel time should not be awarded. However, both the motion and the Affidavit of Attorney Harrison clearly state that Attorney Harrison, in the exercise of billing judgment, excluded all travel time from the amount of fees he claimed.

In his subsequent response, Defendant Armstrong makes more specific challenges to the requested time. First, he contends that time billed for the motion for summary judgment (16.1 hours for Attorney Harrison and 5.7 hours for Paralegal Ferrara) was unnecessary and excessive based on the parties' stipulation. However, as discussed above, while the parties filed a joint stipulation in which Defendants admitted that Plaintiff "owned the photograph and [that] it was published in . . . *The Last Voyage* without Plaintiff's permission," this did not resolve the issue of liability because they refused to withdraw six affirmative defenses – laches, statute of limitations, permission, third-party liability, and waiver. (Doc. 37). Plaintiff addressed each of these defenses in his motion for partial summary judgment (to which Defendants responded in opposition), as did the Court. Under these circumstances, I find that the time spent on the motion for partial summary judgment was necessary and reasonable.

Likewise, Defendant Armstrong argues that time billed for depositions (14.8 hours for Attorney Harrison and 10.5 hours for paralegal Ferrara) was unnecessary because at the time of the depositions the parties had already agreed to stipulate that Plaintiff owned the image and that

it was published without permission. However, the depositions, which were actually taken months before the stipulation was even filed, were necessary and appropriate to address issues not resolved by the stipulation – i.e., liability, affirmative defenses, and damages.

But, Defendant Armstrong does correctly challenge the following time spent by Paralegal Ferrara: 0.7 hours spent googling for hotel; 0.8 hours downloading Peter Leo's deposition; and 0.5 hours downloading Plaintiff's deposition. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002) ("the efforts of a paralegal are recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'"). Thus, 2.0 hours of time spent by Paralegal Ferrara should be deducted.

Next, Defendant Armstrong argues that he should not be required to pay for any of the time expended by Plaintiff as to Defendant Baer's motion to dismiss (1.2 hours for Attorney Harrison; 16.9 hours for Attorney Galbavy; and 1.5 hours for Paralegal Ferrara). I agree. At the time Defendant Baer filed the motion to dismiss, Defendant Armstrong was proceeding *pro se* and he did not join in the motion. Moreover, while Defendant Armstrong later joined in the statute of limitations defense first raised by Defendant Baer in his motion to dismiss, the Court denied the motion to dismiss without addressing any substantive arguments because the motion to dismiss failed to comply with Federal Rule of Civil Procedure 7. (Doc. 28).

Defendant also argues that all entries for emails billed at 0.2 should be reduced to 0.1 because 6 minutes is more than enough time to send or receive an email. I am disinclined to reduce time based on this simplistic generalization. I am also unpersuaded that deductions are justified by the fact that defense counsel, who did not prevail in this action, spent significantly less time litigating this case than Plaintiff's counsel did. (See Defendant's argument for this proposition at Doc. 68, ¶10).

Finally, Defendant asserts that if the Court awards fees it should not exceed $20,000 (50 hours at $400/hr). (Doc. 68, ¶10). In their initial response, Defendants argued that "an additional $6,000.00 in fees (50% of the recovery) is appropriate." (Doc. 58 at 7). The Court, however, cannot just pick a number that sounds reasonable to Defendant or Defendants. Rather, as discussed above, any fee award must be based on a lodestar analysis and the Court must be "reasonably precise in excluding hours thought to be unreasonable or unnecessary. . ." *Norman*, 836 F.2d at 1301.

Accordingly, based on the evidence submitted by Plaintiff, as well as my own experience and expertise, I submit that it was reasonable and necessary for Attorney Harrison to expend 114.9 hours; Attorney Galbavy to expend 6.5 hours; and Paralegal Ferrara to expend 88.9 hours. This time was spent over the course of twenty months, on all facets of the litigation, including pleadings, discovery practice, depositions, a motion for summary judgment, and a final pretrial conference, following which Plaintiff obtained a favorable result. Indeed about 88 hours of this time was spent preparing for trial after summary judgment, which was necessitated by Defendants continuing to assert their position that Plaintiff's copyright claim was time barred. On its face, this time spent preparing for a jury trial – the equivalent of two weeks – is more than reasonable, particularly given the lack of any objection by Defendant Armstrong as to amount of time or the substance of the corresponding time entries.[5]

### b. *Reasonableness of Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

---

[5] Notably, as Plaintiff points out in his motion (Doc. 57 at 9), he did not request a jury trial in his Complaint; rather, the case was set for a jury trial at the request of Defendants. This is significant as preparation for a jury trial often requires additional effort, including the preparation of jury instructions and jury questions.

*Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates, considering both the nature of the suit and the community where it was filed and prosecuted – here, Ocala, Florida. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Defendant Armstrong does not challenge the requested hourly rates for counsel – $400.00 per hour for Attorney Harrison and $225.00 per hour for Attorney Galbavy. Doc. 58 at 6 ("[a]lthough Mr. Harrison's firm's hourly rates are higher than what the undersigned charges, they are not inherently excessive."); Doc. 68 at 2 ("the hourly rate of counsel has not been contested"). Nonetheless, it is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc*., 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). Based on my experience, I submit that the requested rate for Attorney Galbavy is objectively reasonable, but the requested rate for Attorney Harrison is in excess of what is reasonable for this market, particularly given the lack of complexity of the matter.

To support the requested rates, Plaintiff offers the affidavit of Attorney Harrison (Doc. 61) and cites to cases in other divisions of this District where the Court awarded similar fees in copyright infringement cases. *See e.g., Cobbler Nevada, LLC v. Jokic*, No. 8:15-cv-2653-T-27TBM, 2016 WL 3511765, *7 (M.D. Fla. June 1, 2016) (recommending award of $425 per hour for senior attorney and $225 per hour for junior attorney in copyright infringement case finding that rates were within the range of fees paid in this market for such work); *InDyne, Inc. v. Abacus Technology Corp.*, No: 6:11-cv-137-Orl-22DAB, 2014 WL 1400658, at *11 (M.D. Fla. 2014)

(awarding fees in copyright infringement case up to $400 per hour for senior counsel and $200 for junior attorneys); *Baby Buddies, Inc., v. Toys R. Us., Inc*., No. 2011 WL 4382450, *7 (M.D. Fla. Aug. 9, 2011) (in a copyright case finding that $350-$475 per hour for a partner and $170-$260 per hour for associates were "at or slightly above the customary fees sought and obtained in the Middle District of Florida," but "reasonable in light of the experience, reputation, and ability of the attorneys.")

However, courts in our District, including in larger markets, do reduce hourly rates where the litigation itself is not complex. *See e.g., BBY Solutions, Inc. v. Livingstone*, No. 3:15-cv-1001-J-32JRK, 2016 WL 7668486, at *7 (M.D. Fla. April 20, 2016) (unpublished) (reducing requested hourly attorney fee in Jacksonville Division from $475 to $300 where it was a routine trademark infringement case, without novel or difficult issues and without any opposition); *Thompsons Film, LLC v. Velez*, No. 6:13–cv–671–Orl–36TB, 2014 WL 3721288, at *8 (M.D. Fla. July 28, 2014) (unpublished) (finding, in a copyright infringement case in the Orlando Division, that "the requested hourly rate of $225 for associate attorney time is objectively reasonable, but $425 for partner time is not," and instead finding $300 a reasonable rate for a partner); *Blowbar, Inc. v. Blow Bar Salon Inc.*, No. 8:13–cv–1430–T–17EAJ, 2013 WL 6244531, at *5 (M.D. Fla. Dec. 3, 2013) (unpublished) (in the Tampa Division, finding $300 a reasonable hourly rate, rather than the requested $475, because the "largely unopposed Lanham Act case did not require a great deal of time and labor, did not present novel or difficult issues, and did not require extraordinary skill to perform the services properly").

Considering these cases and the record here, and based upon my own experience with rates in this legal market, I submit that a rate of $350.00 is reasonable and appropriate for Attorney Harrison. Indeed, a review of the record shows that this was a routine copyright infringement

case, without novel or difficult issues, and in fact, the majority of litigation focused on issues such as the statute of limitations defense.

Likewise, I agree that the requested rate of $170.00 for Paralegal Ferrara is higher than the prevailing market rate. Based on the work performed by Ms. Ferrara and my knowledge and experience regarding customary fees for support staff in the Ocala Division, I submit that this rate should be reduced to $125.00 per hour.

In summary, I submit that a reasonable lodestar for Attorney Harrison is 114.9 hours at $350.00 per hour for a fee award of $40,215.00; Attorney Galbavy is 6.5 hours at $225.00 per hour for a fee award of $1,462.50; and Paralegal Ferrara is 88.9 hours at $125.00 for a fee award of $11,112.50 with a total lodestar award of $52,790.00.

### B. Litigation Expenses

Next, Plaintiff seeks to recover $1,216.30 in out-of-pocket travel related expenses for Mr. Harrison in connection with attendance at depositions, the court-ordered mediation, and the final pretrial conference pursuant to § 505. Though there is some question about the extent to which the Court may award costs under 17 U.S.C. § 505 above those amounts specifically delineated in 28 U.S.C. § 1920 (*see Artisan Contractors Ass'n of America v. Frontier Ins. Co.,* 275 F.3d 1038, 1040 (11th Cir.2001) (holding that "full costs" language of § 505 does not permit recovery of expert witness fees beyond limitations set forth in 28 U.S.C. §§ 1920 and 1921), courts have held that "[t]he authority to award a reasonable attorney's fee under 17 U.S.C. § 505 includes the authority to award out-of-pocket expenses incurred by the attorney which are typically charged to a client in the course of providing legal services, such as photocopying, paralegal expenses, travel costs and telephone costs" (*see, e.g., Lil' Joe Wein Music, Inc. v Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at * 14 (S.D. Fla. July 1, 2008)).

Here, Plaintiff's request to recover $1,216.30 in out-of-pocket travel expenses – mileage and hotel – incurred in order for counsel to attend depositions, mediation, and the final pretrial conference is consistent with those costs that have been allowed under § 505 awards. *Id.* Indeed, Plaintiff represents that these expenses, which were incidental and necessary to Attorney Harrison's prosecution of this case, were billed to Plaintiff and paid by him as a part of the representation. Accordingly, I submit that Plaintiff is entitled to recover as part of the § 505 attorney's fee award $1,216.30 in out-of-pocket travel related expenses.[6]

### C. Costs

Plaintiff filed a Bill of Costs seeking costs as a prevailing party under Fed.R.Civ.P. 54 and 28 U.S.C. § 1920. (Doc. 56). Specifically, Plaintiff requests $4,753.10, which includes: (1) $400.00 for the filing fee; (2) $241.00 for service of summons and subpoena; (3) $3,127.65 in deposition transcript and court reporter fees; (4) $40.00 in witness fees; (6) $444.45 in copying costs; and (7) $500.00 in mediator fees. (Doc. 68).

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The costs statute, 28 U.S.C. § 1920, enumerates expenses that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use

---

[6] Plaintiff also seeks to recover as attorney's fees any costs from the Bill of Costs that are deemed not taxable under § 1920. As discussed below, however, I found all costs to be taxable except the $400.00 mediation fee, some charges related to the deposition transcripts, and a small portion of a private process server's fee. These additional costs do not appear to fit within the category of out of pocket expenses recoverable as attorney's fees and Plaintiff has not cited any authority suggesting otherwise. *See, e.g., Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *13-14 (S.D. Fla. March 31, 2010) (finding mediation fee not contemplated as § 505 out-of-pocket expense). Accordingly, such a request should be denied.

in the case.  When challenging whether costs are taxable, the losing party bears the burden to demonstrate that the cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party.  *Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.,* 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Defendant only raises one objection to the requested costs – that the costs for deposition transcripts should not be recovered because at the time of the depositions the parties had already agreed to stipulate to infringement.  However, as discussed above, the depositions, which were actually taken months before the stipulation was even filed, were necessary and appropriate to address issues not resolved by the stipulation, i.e., liability, affirmative defenses, and damages. (Doc. 58 at 6).   Thus, I submit that the costs for deposition transcripts are properly taxed.

A review of the supporting invoices, however, reveals that they include non-taxable costs, including delivery/shipping/handling and ASCII.  (Doc. 56 at 8-11).  *See Meidling v Walgreen Co.,* No. 8:12-cv-2268-T-TBM, 2015 WL 12838340, at *4 (M.D. Fla. June 19, 2015) ("shipping costs are not taxable, nor are condensed transcripts, ASCII, electronic transcripts, rough drafts, shipping and handling, or digitizing and synchronizing video depositions.").  After deducting charges for delivery/shipping/handling and ASCII, Plaintiff should recover deposition transcript costs in the amount of $2,965.65.

I find the remaining requested costs to be permissible under § 1920, with two exceptions. First, the mediator fee is not recoverable.  *See, e.g., Nicholas v. Allianceone Receivables Mgmt, Inc.,* 450 Fed.Appx. 887, 888 (11th Cir. 2012) (affirming district court's denial of mediation fees under §1920); *Van Voorhis v. Hillsborough Bd. of County Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court

ordered, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.").

Second, Plaintiff's request to recover the full costs charged by a private process server for the trial subpoena served on Peter Leo must be reduced. Courts are authorized to tax private process servers' fees as costs pursuant to §1920. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such fees, however, are not to exceed the statutory limits set forth in 28 U.S.C. § 1921, which is the rate charged by the U.S. Marshals Service. *Id.* The Marshal is currently authorized to charge $65.00 per hour for each item personally served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Here, the requested service fees are all less than the statutory fee except for the subpoena for trial for Peter Leo, which was $87.50. (Doc. 56 at 4-7). A review of the supporting documentation shows that unlike the service of the deposition subpoena on Mr. Leo at the cost of $53.50, service of the trial subpoena was expedited, thus explaining the difference in cost. I recommend that the cost for service of the trial subpoena on Mr. Leo simply be reduced to $53.50.

Accordingly, I submit that costs pursuant to § 1920 should be taxed in the amount of $4,057.10.

### III. RECOMMENDATION

In view of the foregoing, I recommend that Plaintiff's motion for attorney's fees, costs, and litigation expenses (Doc. 57) be **GRANTED** to the extent that Plaintiff be awarded attorney's fees in the amount of $54,006.30[7] pursuant to 15 U.S.C. § 505; and that costs be taxed in favor of Plaintiff in the amount of $4,057.10 pursuant to 28 U.S.C. §1920.

---

[7] This number equals the lodestar in amount of $52,790.00 plus travel expenses in amount of $1,216.30.

Recommended in Ocala, Florida on April 5, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy